IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL RAY WASHINGTON

    Plaintiff,

v.                                                                                           CASE NO. 1:14-cv-105-MP-GRJ

WARDEN SCOTT CREWS, et al.,

    Defendants.

_____/

## REPORT & RECOMMENDATION

    This case is before the Court on Plaintiff's Second Amended Complaint, and Plaintiff's Motion for Reconsideration and Temporary Injunction Order for Defendants to Protect Plaintiff.  (Docs. 18, 19.)  For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Reconsideration and Temporary Injunction Order for Defendants to Protect Plaintiff be denied, the Complaint be dismissed as moot, and the case closed.

## Allegations of the Complaint

    Plaintiff, an inmate in the custody of the Florida Department of Corrections, alleges in § 1983 suit that six named Defendants have violated his constitutional rights by being deliberately indifferent to his safety and need for protection from attack by other inmates.  Generally, Plaintiff alleges that Defendants have ignored his requests for protection, failed to log his grievances, threatened Plaintiff, released him into population, and did not place him in protective custody.  Plaintiff also alleges that Defendants have denied him due process and equal protection.  However, Plaintiff's

allegations are vague, and he does not specify what type of harm he faces if denied protective custody.  He also does not allege who exactly he faces harm from, other than inmates in general.  Plaintiff seeks only injunctive relief.  (Doc. 18.)

In his Motion for Reconsideration and Temporary Injunction Order for Defendants to Protect Plaintiff, Plaintiff requests that the Court order Defendants "to stop adverse actions of retaliation, uphold Plaintiff's constitutional rights to be protected from being attacked by another prisoner."  (Doc. 19.)

## Discussion

Plaintiff's allegations concern officials at Mayo C.I., the location of the alleged constitutional violations and where Plaintiff was housed at the time he filed the complaint.  (Doc. 18.)  However, Plaintiff has now been transferred to Wakulla C.I. (Doc. 21.)

In a § 1983 action filed by a prisoner, requests for injunctive relief become moot up on the transfer of that prisoner form the facility where his cause of action arose. *Spears v. Thigpen*, 846 F. 2d 1327, 1328 (11th Cir. 1988).  "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.  Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."  *Wahl v. McIver,* 773 F. 2d 1169, 1173 (11th Cir. 1985).

Plaintiff's complaint, and request for temporary injunctive relief are due to be denied as moot because he is presently incarcerated at Wakulla C.I., away from Defendants who work at Mayo C.I.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Second Amended Complaint (Doc. 18) and Plaintiff's Motion for Reconsideration and Temporary Injunction Order For Defendants to Protect Plaintiff (Doc.19) should be **DENIED AS MOOT**, and the case closed.

It is further **ORDERED** that the **Clerk** return to Plaintiff the $42.00 he paid for service copies of the Complaint.  (Docs. 6, 11.)

**IN CHAMBERS**  this 4th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**